IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Rev. DeROISE J. WASHINGTON, D.D., | ) ) ) ) ) ) ) ) ) ) | Case No. 4:07CV3125 |
| Petitioner, | | |
| vs | | **MEMORANDUM AND ORDER** |
| WARDEN DENNIS BAKEWELL, | | |
| Respondent. | | |

The petitioner has previously been given provisional leave to proceed in forma pauperis. (Filing 8.) The court has conducted an initial review of the habeas corpus petition (filing 1), as provisionally amended by petitioner's pending motion (filing 6), to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. The motion for amendment is granted. (Filing 6.) With that amendment in mind, the petitioner has made four claims.

Condensed and summarized for clarity, the four claims asserted by the petitioner are these:

    Claim One:    The petitioner's conviction was obtained by plea of guilty (or no contest) which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea *because* petitioner entered into a verbal plea agreement for a "reduced charge" based on defense counsel's wrongful assurance that the presentence report, and the prosecution, had or would recommend probation but a prison sentence was ultimately imposed.

Claim Two: The petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* petitioner's trial counsel had a "conflict of interest" arising out of her relationship with the "'victim's' family."

Claim Three: The petitioner was denied a right to direct appeal *because* counsel did not include an allegation in the direct appeal regarding an erroneous presentence investigation report *and because* the Nebraska courts did not give the petitioner access to the erroneous presentence report while he was appealing or seeking post-conviction relief.

Claim Four: The petitioner was denied due process of law *because* the district court did not afford him the opportunity to review the presentence report before or after sentencing *and because* the Nebraska courts failed to allow the petitioner or his counsel access to the report while he was appealing or seeking post-conviction relief.

Liberally construed, the court preliminarily decides that all the claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner seeks the appointment of counsel. (Filing 1 ¶ 24.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed *unless* the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See*,

*e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

Accordingly,

IT IS ORDERED that:

1. The motion to amend (filing 6) is granted and the petition (filing 1) is amended accordingly. Upon initial review of the habeas corpus petition (filing 1), as amended (filing 6), the court preliminarily determines that the following claims are potentially cognizable in federal court: the four claims described in the body of this memorandum.

2. Petitioner's request for the appointment of counsel (filing 1 ¶ 24) is denied without prejudice to reassertion.

3. The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

4. By September 28, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: summary judgment or answer deadline expires September 28, 2007.

5. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner.

   D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

   E. No later that 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

   F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of

the motion for summary judgment. The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions **including the release of the petitioner.**

6. If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

   A. The answer shall be accompanied by a separate brief. The answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   B. The answer shall be supported by all state court records. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

   C. Copies of the answer, the designation (**including state court records**), and the respondent's brief shall be served upon the petitioner.

   D. No later than 30 days following the filing of the answer, the petitioner shall file and serve a brief in response. The petitioner

>   shall submit no other documents unless directed to do so by the court.
>
> E. No later that 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

7. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

August 13, 2007.                           BY THE COURT:


                                           *s/Richard G. Kopf*
                                           United States District Judge